UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHIRLEY DIMPS,                                                    |
                                                                  |
              Plaintiff,            |          10 CV 1688 (KMW) (GAY)
                                                                  |
    -against-                                                  |          **ORDER ADOPTING**
                                                                  |          **REPORT AND**
NEW YORK STATE DEPARTMENT OF                                      |          **RECOMMENDATION**
CORRECTIONAL SERVICES, and TACONIC                                |
CORRECTIONAL FACILITY                                             |
                                                                  |
              Defendants.           |
-----------------------------------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

      Plaintiff Shirley Dimps ("Plaintiff") brings this *pro se* action pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New York State Human Rights Law ("HRL"), N.Y. Exec. Law §§ 290 to 297.  Plaintiff alleges that her employers, the New York State Department of Correctional Services and the Taconic Correctional Facility ("Defendants"), discriminated against her on the basis of disability.[1]  Defendants moved to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), and for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

---

[1] Plaintiff's original Complaint alleged discrimination on the additional basis of race.  However, she did not allege racial discrimination in her Amended Complaint or in her opposition to Defendants' motion to dismiss the Amended Complaint.  The Court therefore agrees with Judge Yanthis' assessment that Plaintiff has abandoned this claim.

In a Report and Recommendation dated February 23, 2012 (the "Report"), familiarity with which is assumed, Magistrate Judge George Yanthis recommended dismissal of Plaintiff's claims for lack of subject matter jurisdiction. (Dkt. No. 48.) Plaintiff timely filed objections to the Report.[2] (Dkt. No. 51.)

When reviewing a Report and Recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R Civ. P. 72(b). The Court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (internal citations omitted). The Court reviews for clear error those portions of the Report to which the parties do *not* object. *See* Fed. R. Civ. P. 72(b) advisory committee's note; *see also Rodriguez v. Morton*, No. 04 Civ. 3787, 2009 WL 414033, at *1 (S.D.N.Y. Feb. 13, 2009) (Batts, J.).

To the extent that a party makes only "conclusory or general objections, or simply reiterates the original arguments, the [c]ourt reviews the Report and Recommendation only for clear error." *Pearson–Fraser v. Bell Atl.*, No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003) (Knapp, J.). Pursuant to "clear error" review, the Court considers whether the Report—or an applicable provision thereof—is free of "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note; *Rodriguez*, 2009 WL 414033, at *1.

*Pro se* parties are generally accorded leniency when making objections. *Id.* However, "even a *pro se* party's objections . . . must be specific and clearly aimed at particular findings in

---

[2] By Order dated March 7, 2012, the Court granted Plaintiff an extension of time until March 21, 2012 to file any objections to the Report. (Dkt. No. 49.) Plaintiff's objections were filed in accordance with this Order. (Dkt. No. 51.)

the magistrate's proposal . . . ." *Dixon v. Ragland*, No. 03-cv-826, 2007 WL 4116488 at *1 (S.D.N.Y. Nov. 16, 2007) (Swain, J.).

In this case, Plaintiff has submitted objections that are either conclusory and general in nature or reiterative of arguments made before Judge Yanthis. First, Plaintiff objects to the existence of the Eleventh Amendment's doctrine of state sovereign immunity. Her disagreement with the doctrine, however vigorous, cannot serve as a valid objection to the Report. Second, Plaintiff states that she does not recall filing an Article 78 proceeding against Defendants and is therefore not collaterally estopped from bringing the instant action. Although Defendants raised this as a ground for dismissal before Judge Yanthis, the Report recommended dismissal of the Amended Complaint for lack of subject matter jurisdiction and did not reach the issue of collateral estoppel. Plaintiff's objection on this ground is therefore not an objection to the Report. Finally, Plaintiff objects to the Report on the ground that Defendants neither responded to her Amended Complaint nor provided her with the discovery materials she requested therein. Plaintiff has already raised this argument before Judge Yanthis; even if she had not, it is without merit. Defendants' motion to dismiss the Amended Complaint is a valid response to that pleading, and Defendants were not required to provide discovery materials to Plaintiff prior to the adjudication of that motion.

Since Plaintiff has raised only general, conclusory, and/or reiterative objections, the Court reviews the Report for clear error. The Court has conducted a thorough review of the Report, as well as the parties' submissions, Plaintiff's objections, and the relevant legal authority. The Court finds the Report well-reasoned and free from error. It therefore ADOPTS the Report in its entirety. The Court GRANTS Defendants' motion to dismiss in accordance with the terms summarized in the Report, and dismisses Plaintiff's Amended Complaint with prejudice.

The Clerk of Court is directed to close this case. Any pending motions are moot.

SO ORDERED.

Dated: New York, New York
       March 27, 2012

                                              Kimba M. Wood
                                        United States District Judge